
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GULSHAN KUMAR SHARMA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-72307

Agency No. A215-822-997

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020[**]
Seattle, Washington

Before:  CLIFTON and M. SMITH, Circuit Judges, and DONATO,[***] District
Judge.

Gulshan Kumar Sharma, a native and citizen of India, petitions for review of

an order of the Board of Immigration Appeals dismissing his appeal of the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Immigration Judge's denial of asylum, withholding of removal and CAT relief. We deny the petition.

We review an adverse credibility finding for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The agency must provide "specific and cogent reasons in support of an adverse credibility determination," and consider the totality of the circumstances and all relevant factors. *Id.* at 1044 (internal quotation marks omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(iii). We may not reverse the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We will uphold an adverse credibility determination if at least one of the reasons given by the agency supports that determination. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738-39 (9th Cir. 2014).

Substantial evidence supports the agency's conclusion that Sharma was not credible, including implausible aspects of his account of persecution, the lack of detail surrounding key aspects of his story, and the omission of pertinent details from his asylum application. For example, the BIA noted that the IJ found it "troubling that the respondent could not recall the name of the lender that he claimed was persecuting him and has connections with the Bharatiya Janata Party ("BJP")." In this petition, Sharma does not argue that the inability to remember the

2

name of the alleged money lender who persecuted him does not constitute substantial evidence sufficient to support an adverse credibility determination. Rather, he argues that the IJ "erred in concluding that Petitioner could not recall the persecutor's name" because the record "show[s] that Petitioner was not asked to provide lender's name." Sharma's argument is unpersuasive. The record testimony that Sharma cites for the proposition that he was not asked to provide the money lender's name clearly shows that he was so asked. In the relevant portion of testimony, Sharma's lawyer asked him: "Okay. And this individual you borrowed money from, what was his name?" Sharma responded: "I do not remember his name now."

A trier of fact may base a credibility determination on the "inherent plausibility" of an account. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Singh v. Lynch*, 802 F.3d 972, 975-76 (9th Cir. 2015). Sharma's failure to recall the money lender's name casts significant doubt on the plausibility of his account of persecution because the money lender was his alleged persecutor and the debt he owed to that individual was the purported cause of his flight from India.

The BIA considered the documentary evidence submitted by Sharma and reasonably concluded that it did not rehabilitate his lack of credibility. The evidence does not compel the conclusion that Sharma is credible. In the absence of

3

credible testimony from Sharma, the IJ and BIA permissibly denied his claims for asylum and withholding of removal.[1] Moreover, Sharma has not presented independent evidence to establish his eligibility for CAT relief.

**PETITION FOR REVIEW DENIED.**[2]

---

[1]     Because Sharma cannot establish eligibility for asylum or withholding of removal in the absence of credible testimony, we do not address Sharma's arguments challenging the BIA's determination that his proposed social groups are not cognizable or that he failed to prove that his persecutors were motivated by his political opinion.

[2]     Sharma's separate motion to stay removal pending the petition for review [Dkt. 1] is denied as moot.